UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
JEFFREY MENAKER,

                               Plaintiff,                    **MEMORANDUM AND ORDER**
                                                                        2:17-cv-5840 (DRH)(AYS)

   - against –

MICHAL KAPLAN,

                               Defendant.
-------------------------------------------------------X

**APPEARANCES**

**OFFIT KURMAN, P.A.**
Attorneys for Plaintiff
10 East 40th Street
New York, NY 10016
  By:    Cheryl L. Davis, Esq.
          Theodor D. Bruening, Esq.
          Stephen D. Houck, Esq.

**MENAKER & HERRMANN LLP**
Attorney for Plaintiff
10 E. 40th Street, 2nd Floor
Brooklyn, NY 11238
  By:    Alexander Mirkin, Esq.

**PHILLIPS & ASSOCIATES, PLLC**
Attorneys for Defendant
45 Broadway, Suite 620
New York, NY 10006
  By:    Dorina Cela, Esq.
          Parisis G. Filippatos, Esq.
          Erica R. Sanders, Esq.
          Siobhan E.C. Klassen, Esq.

**HURLEY, Senior District Judge:**

Plaintiff Jeffrey Menaker ("Plaintiff") brought this action against Defendant Michal Kaplan[1] ("Defendant") for defamation. By Order dated November 1, 2018, the Court denied in part Defendant's motion to dismiss the action pursuant to Fed. R. Civ. P. ("Rule") 12(b)(6) for failure to adequately plead a defamation claim.

Presently before the Court is Defendant's motion for reconsideration. For the reasons set forth below, the Court adheres to its original determination.

## BACKGROUND

The background of this matter is set forth in the Court's November 1, 2018 Order, familiarity with which is presumed. Briefly stated, Hofstra University ("Hofstra") hired Plaintiff as the Director of Tennis and the Head Coach of the men's and women's varsity teams in January 2016. Defendant, a first-year student, approached Plaintiff about her scholarship in April 2016. Plaintiff informed Defendant that he could not increase her scholarship that year. In July 2016, Plaintiff was summoned to the office of the Deputy General Counsel about his methods of communicating with students, based on a letter ("Letter") from Defendant's counsel laying out several accusations about inappropriate behavior by Plaintiff. Plaintiff alleges that Defendant's accusations were fabricated in an effort to extort scholarship funds from the University. Plaintiff asserts that Hofstra never investigated the claims but proceeded to terminate

---

[1] The Court previously granted Defendant's motion to proceed pseudonymously, and denied Plaintiff's motion to do the same. The parties later filed a joint letter stating that they would proceed under their true names.

his employment in September 2016. Thereafter, Plaintiff—by then the ex-coach—sued for, *inter alia*, defamation.[2]

In her motion to dismiss, Defendant argued principally that Plaintiff had not set forth a claim for defamation because: the statements at issue were opinions or truth; the statement about Plaintiff's divorce was not pleaded with specificity; the statements were privileged; and the statements were neither defamation per se nor did they cause special damages.

In its November 1, 2018 Order, the Court rejected Defendant's motion to dismiss as to six of Plaintiff's eight alleged defamatory statements. The Court found that these six statements were sufficiently alleged to meet the four-part test for defamation in that: (1) the statements were not opinion; (2) the statements were published to a third party and were not privileged; (3) Defendant failed to contest whether the statements were made through fault amounting to at least negligence; and (4) the statements were defamation per se as they injured Plaintiff in his trade or business.

## LEGAL STANDARD

The standard for a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or [factual] data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.,* 70 F.3d 255, 257 (2d Cir. 1995) (finding district court properly exercised its discretion to reconsider earlier ruling in light of the introduction of additional relevant case law and substantial legislative history); *see also Arum v. Miller,* 304 F. Supp. 2d 344, 347 (E.D.N.Y. 2003) ("To grant such a motion the Court must find

---

[2] In addition to the captioned suit, Plaintiff Mr. Menaker also brought a separate action against Hofstra for gender discrimination. That suit was dismissed by this Court on September 26, 2018. *Menaker v. Hofstra Univ.*, 2018 WL 4636818, at *1 (E.D.N.Y. Sept. 26, 2018).

that it overlooked matters or controlling decisions which, if considered by the Court, would have mandated a different result.") (citation and internal quotation marks omitted). "The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Virgin Atl. Airways, Ltd. v. National Mediation Bd*., 956 F.2d 1245, 1255 (2d Cir. 1992) (quoting 18 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 4478 at 790). Thus, a "'party may not advance new facts, issues, or arguments not previously presented to the Court.'" *National Union Fire Ins. Co. v. Stroh Cos.,* 265 F.3d 97, 115 (2d Cir. 2001) (quoting *Polsby v. St. Martin's Press*, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000)). A party may, however, introduce relevant authority that was not before the district court when it initially ruled on the matter. *See Vaughn v. Consumer Home Mortgage Co*., 2007 WL 140956 at *6 (E.D.N.Y. Jan. 22, 2007). In the alternative, reconsideration is appropriate if a court "misinterpreted or misapplied" relevant case law in its original decision.

## DISCUSSION

Here, Defendant argues that the Court has made a "manifest error of fact" by finding that the Letter was "not an instrument of good faith litigation," and that the Court misapprehended *Front, Inc. v. Khalil*, 24 N.Y.3d 713, 720 (N.Y. 2015) and misapplied *Lambe v. Kahlon*, 2016 WL 6948456, at *1 (E.D.N.Y. Jan. 14, 2016).

Preliminarily, a motion for reconsideration is not an opportunity to massage a previously unsuccessful argument. Despite the Court's finding that this is what Defendant is attempting to do here, the Court will briefly respond to her arguments.

As to the Letter, Defendant is incorrect in stating that the Court found that the Letter "*was not*" an instrument of good faith litigation. Rather, the Court explained in its November 1,

2018 Order that "Defendant's intention in sending the Letter is an unresolved question of fact that is not appropriate for the Court to determine on a motion to dismiss." *Menaker v. C.D.*, 2018 WL 5776533, at *5 (E.D.N.Y. Nov. 1, 2018). Defendant misguidedly argues that the Letter is protected by an "ever-so slightly qualified privilege" as a statement made "in the preliminary stages of an anticipated action." (Mem. in Supp. of Motion for Reconsideration [ECF No. 31-1] at 4–5.) Again, Defendant overlooks that it is unresolved whether the Letter was sent in anticipation of commencing litigation. Defendant asks the Court to "infer[] from the pleadings" that the Letter was made in anticipation of litigation. (*Id.* at 5.) However, Defendant seems to have forgotten that the motion before the Court was brought pursuant to Rule 12(b)(6); thus, the Court is required to construe all questions of fact in favor of the non-moving party. Plaintiff alleges—in both the Complaint and in her opposition to the motion to dismiss—that the Letter, and the allegations contained therein, were part of a broader plan by Defendant to attempt to bully Plaintiff into increasing her athletic scholarship, or to extort scholarship funds from Hofstra directly. Assuming this is true, the Letter was not sent in anticipation of good faith litigation. On a motion to dismiss the question of whether the Letter was sent in anticipation of litigation must be construed in Plaintiff's favor, and in so doing, the Court held that Plaintiff plausibly set forth a claim for defamation.

The Court next turns to whether it misapplied the law. As an initial matter, the Court reminds Defendant that *Front* pre-dates *Lambe*. Defendant also mischaracterizes the facts in *Lambe* and overstates the similarities between the facts in the case at bar and the facts in *Front*.

In *Front*, the New York Court of Appeals explained that "statements made prior to the commencement of an anticipated litigation are privileged, and that the privilege is lost where a defendant proves that the statements were not pertinent to a good faith anticipated litigation." 24

N.Y.3d at 720.  There, the "letters were properly found to be subject to a privilege" by the lower court.  *Id.*  The *Front* plaintiff had sent a cease and desist letter to the defendant asking defendant to return certain property.  *Id.*  When the *Front* defendant failed to return the property, the *Front* plaintiff commenced litigation against such defendant and "the demands made in the letters . . . substantially reflect[ed] the causes of action and relief requested in the main action."  *Id.* at 717 (internal quotation marks omitted).  Perhaps most importantly, the defendants in *Front* did not challenge whether the letters were sent in anticipation of litigation.  *See id.*  By comparison, in the case at bar, Plaintiff has alleged that Letter was sent in bad faith to extort funds.

In *Lambe*, the plaintiffs asserted a defamation claim and alleged that:

> Defendants and their counsel . . . interfered with [] other business relationships by filing liens against[p]laintiffs, initiating a lawsuit against [p]laintiffs, and sending letters to NJR, CPF, and NRG, informing them that the liens had been filed and a legal action commenced, and that [d]efendants suffered as a result of Lambe's and Sunray's "fraudulent and deceitful action."  The Letters request that the third party recipients "refrain from forwarding any payments, credits, remittances or other transfer of assets" to [p]laintiffs.

2016 WL 6948456, at *1–2.  Judge Wexler of the Eastern District of New York found in *Lambe* that "issues of fact preclude summary judgment on the majority of Plaintiff's claims" including "what intention [the defendant] had in sending the letters" and "whether the statements in the Letters were privileged as 'pertinent to litigation.'"  *Id.* at *2.  Tangentially, this Court notes that it cited *Lambe* in its Order in a *see* cite, not as controlling precedent.

In the November 1, 2018 Order, the Court found that the question of fact regarding whether Defendant sent the Letter in anticipation of good faith litigation or in a bad faith attempt to extort scholarship funds, had to be construed in Plaintiff's favor on the motion to dismiss. Assuming that the Letter was sent to extort funds, and *not* as a preliminary step to litigation, Plaintiff set forth a prima case for defamation that precluded dismissal.  This decision aligns with

the holdings in *Lambe* and *Front*, which both found that the privilege is lost if the communication in question is not sent in anticipation of good faith litigation. Whether Defendant sent the Letter in anticipation of good faith litigation will eventually be determined, either through discovery coupled with a motion for summary judgment or by a jury. It is not for the Court to decide on a motion to dismiss.

The Court declines to delve into Defendant's other arguments regarding Plaintiff's failure to plead bad faith, negligence, and/or that two of the statements are false. These arguments either re-hash in greater depth the unpersuasive points set forth in Defendant's initial motion to dismiss, or seek to insert new arguments that Defendant failed to brief on such motion. Defendant's final argument that this Court's decision will chill protected activity is not convincing, insofar as the Court has only applied the Rule 12(b)(6) standard to a motion to dismiss. In light of the lack of any ground to justify reconsideration, such as "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice," the Court denies Defendant's motion for reconsideration in toto. *See Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255.

## CONCLUSION

The Court adheres to its original ruling that six of Plaintiff's eight statements adequately allege a prima facie claim for defamation.

**SO ORDERED.**

Dated: Central Islip, New York  　　　　　　　　　/s/
　　　　April 23, 2019　　　　　　　　　　　Denis R. Hurley
　　　　　　　　　　　　　　　　　　　　　　United States District Judge