**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X   **Case No. 17 Civ. 05840 (DRH)(AYS)**

JEFFREY MENAKER

                                  Plaintiff,

    -against-

MICHAL KAPLAN
                                Defendant.
---------------------------------------------------------------------X


# DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO QUASH

**PHILLIPS & ASSOCIATES,**
**ATTORNEYS AT LAW, PLLC**
45 Broadway, Suite 620
New York, NY 10006
(212) 248-7431

**Contents**

PRELIMINARY STATEMENT ........................................................................................ 4
I.    BACKGROUND ...................................................................................................... 4
II.    ARGUMENT ........................................................................................................... 6
   A.    Standing .............................................................................................................. 6
   B.    Legal Standard ................................................................................................... 6
   C.    The Information Sought is Not Relevant to Any Claim or Defense ................ 7
   D.    The Subpoena Violates Defendant's Privacy Rights ...................................... 10
III.   REQUEST FOR SANCTIONS .............................................................................. 11
CONCLUSION .................................................................................................................. 12

## TABLE OF AUTHORITIES

Alig-Mielcarek v. Jackson, 286 F.R.D. 521, 526 (N.D. Ga. 2012) .................................................. 11

AP Links, LLC v. Russ, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) ............................................................ 7

Boelter v Hearst Communs., Inc., 269 F Supp 3d 172 SDNY 2017) .............................................. 10

Builders Ass'n of Greater Chicago, No. 96 C 1122, 2002 U.S. Dist. LEXIS 8461, at *4 (N.D. Ill. May 13, 2002) .................................................................................................................... 12

Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 51 (S.D.N.Y. 1996) ............................... 10

Fay v. S. Colonie Cent. Sch. Dist., No. 83-CV-1026, 1985 US Dist LEXIS 18223, at FN 6 (N.D.N.Y. July 3, 1985) ........................................................................................................ 11

Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP ......................................................... 7

Libaire v. Kaplan, 760 F. Supp. 2d 288, 291 (E.D.N.Y. 2011) ....................................................... 7

Molefi v. Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554 ............................ 11

Ogbon v Beneficial Credit Servs., 2011 US Dist LEXIS 11615 (SDNY Feb. 1, 2011, No. 10 CV 03760 (GBD) ......................................................................................................................... 10

Ragusa v. Malverne Union Free Sch. Dist., 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008) ................ 11

Rios v. Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) ....................................................................... 11

State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14-CV-9792 (WHP) (JCF), 2015 US Dist. LEXIS 162164, at *7 (S.D.N.Y. Dec. 3, 2015) ...................................................................................... 7

Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010) ............................................................ 6

**PRELIMINARY STATEMENT**

This memorandum of law is submitted in support of the motion of Defendant Michal Kaplan ("Defendant") seeking an Order pursuant to Rule 45 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.") quashing the subpoena served on Hofstra University ("Hofstra") on December 10, 2018, by Plaintiff Jeffrey Menaker ("Plaintiff"). We submit this motion in accordance with Your Honor's Order, dated June 6, 2019, to quash Plaintiff's subpoena to Hofstra pursuant to FRCP 45 on the grounds that the subpoena: (1) is entirely irrelevant to any party's claim or defenses; and (2) seeks information protected by privacy laws, including the Health Insurance Portability and Accountability Act (HIPPA), 42 U.S.C.S. § 1320(d) and the Family Educational Rights and Privacy Act of 1974 (FERPA), 20 U.S.C.S. § 1232(g).

## I. BACKGROUND

Plaintiff in this case filed a Complaint on June 1, 2017, alleging defamation against Defendant Kaplan. The claim arises from a companion litigation filed by Defendant Kaplan in *Michal Kaplan v. Hofstra University* 2:17-cv-00179-DRH-AYS ("*Kaplan v. Hofstra*"), a case that is also currently pending before Your Honor. In that companion litigation, Ms. Kaplan brings claims against Hofstra for unlawful discrimination (sexual harassment and *quid pro quo* harassment) and retaliation under Title IX of the United States Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* ("Title IX"), as well as for Negligent Retention and Negligent Supervision under New York common law. These claims arose from sexual harassment Ms. Kaplan suffered at the hands of her former tennis coach, Mr. Menaker, Plaintiff in this action.

Following an investigation into Ms. Kaplan's claims, Hofstra fired Mr. Menaker, who now, in an act of brazen retaliation, brings this defamation action against Defendant Kaplan alleging that

his "termination was the result of Defendant's false and defamatory statements" of sexual harassment (Plaintiff's Amended Complaint, Dkt # 41 at ¶51).

Discovery in *Kaplan v. Hofstra* is complete. After the execution of a Confidentiality Agreement (**Exhibit A, *Kaplan v. Hofstra* Confidentiality Agreement**) the parties engaged in extensive document production and exchange. Ms. Kaplan specifically provided Hofstra with precisely 1,620 pages of documents. As a courtesy, these documents were also sent to Mr. Menaker's counsel. The 1,620 pages of documents provided to Mr. Menaker include, among many other categories of documents: information regarding financial grants/awards provided to Ms. Kaplan by Hofstra, correspondence between Ms. Kaplan and Hofstra regarding complaints of sexual harassment, and materials Hofstra provided Ms. Kaplan regarding student policies, University policies, and materials regarding sexual safety/consent.

In return Hofstra provided 1,363 pages of documents containing: extensive financial records (including tax information), health records stemming from her visits to student health facilities, correspondence between Ms. Kaplan and Hofstra regarding complaints of sexual harassment, grades, test scores, and other academic performance information.

On December 10, 2018, Plaintiff Menaker served a subpoena upon Hofstra, seeking, among other things: "All documents received or provided in discovery in the case of Michal Kaplan v. Hofstra University, 2:17-cv-00179 (DRH) (AYS), including but not limited to document production, requests for production and the responses thereto, and interrogatories and the responses thereto." (**Exhibit B, Plaintiff's Subpoena**). Both Hofstra and Ms. Kaplan opposed this subpoena, citing, among things: the *Kaplan v. Hofstra* Confidentiality Agreement, HIPPA concerns, and FERPA concerns. To address issues pertaining to the *Kaplan v. Hofstra* Confidentiality Agreement, on June 6, 2019, the parties entered into a three-way proposed Stipulation and Order

Regarding Production of Confidential Information in Response to Subpoena (See Dkt. # 53).

While Defendant has agreed that this three-way confidentiality stipulation allows Hofstra to provide the bulk of information exchanged in *Kaplan v. Hofstra*, Defendant still objects, and Hofstra has agreed not to produce certain sensitive information pertaining to Ms. Kaplan's finances, health records, and academic records. Here, Defendant objects to the production of these documents and moves to quash the subpoena in that it demands the production of information that is protected by either HIPPA or FERPA, or is irrelevant to these proceedings.

## II. ARGUMENT

### A. Standing

Defendant has standing to move to quash the non-party subpoena. *See*, Warnke v. CVS Corp., 265 F.R.D. 64, 66 (E.D.N.Y. 2010), holding that "[g]enerally, standing to quash a non-party subpoena exists where the [party seeking to quash] asserts a legitimate privacy interest in the information sought." Here, the subpoena seeks private information regarding Defendant's health records, academic records, and financial information gained by Hofstra during the course of Defendant's pupilage as well as during the course of discovery in *Kaplan v. Hofstra*. This information has absolutely no connection to, and are in no way relevant to, Plaintiff's current claims of defamation.

### B. Legal Standard

Under Rule 45 of the Federal Rules of Civil Procedure, "[o]n timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iii)-(iv). "In response to a motion to quash a subpoena, '[t]he party issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings.'" Libaire v. Kaplan, 760 F. Supp. 2d 288, 291

(E.D.N.Y. 2011) (quoting Kingsway Fin. Servs., Inc. v. Pricewaterhouse—Coopers LLP, No. 03-CV-5560, 2008 U.S. Dist. LEXIS 77018, at *4 (S.D.N.Y. Oct. 2, 2008)).

Regarding relevance, Rule 26(b)(1) of the Federal Rules of Civil Procedure provides for discovery of "any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). This "rule is intended to 'encourage judges to be more aggressive in identifying and discouraging discovery overuse' by emphasizing the need to analyze proportionality before ordering production of relevant information." State Farm Mut. Auto. Ins. Co. v. Fayda, No. 14-CV-9792 (WHP) (JCF), 2015 US Dist. LEXIS 162164, at *7 (S.D.N.Y. Dec. 3, 2015) (citing Fed. R. Civ. P. 26(b)(1) advisory committee's notes to 2015 amendment). Additionally, the "burden of demonstrating relevance remains on the party seeking discovery …" Id.

"'Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is over-broad, duplicative, or unduly burdensome.'" AP Links, LLC v. Russ, 299 F.R.D. 7, 11 (E.D.N.Y. 2014) (quoting Kingsway Fin. Servs., Inc. v. Pricewaterhouse-Coopers LLP, No. 03 Civ. 5560, 2008 U.S. Dist. LEXIS 77018, at *4 (S.D.N.Y. Oct. 2, 2008).

C. <u>The Information Sought is Not Relevant to Any Claim or Defense</u>

The Subpoena that Defendant served seeks several documents. Defendant objects to the production of all documents to the extent that they are irrelevant or seek information violative of Defendant's privacy interests. A full list of the documents Defendant seeks are as follows:

1. All documents concerning the Allegations.

2. All documents provided by Defendant, Defendant's counsel or any other party in support of or otherwise concerning the Allegations.

3. All documents concerning any inquiry or investigation made by Hofstra concerning the Allegations.

4. Documents sufficient to show Defendant's permanent address, as well as her expected address for the 2017-2018 school term.

5. All documents concerning Hofstra's financial assistance to Defendant, including her eligibility for, and contemplated or actual changes to, Defendant's athletic, academic, and/or other scholarships during 2015 and 2016, and documents sufficient to show all reasons and findings for any such changes in financial assistance.

6. All documents concerning the July and September meetings referred to in the Complaint.

7. All documents concerning any complaints made by any parent of a University of Delaware player in relation to the CAA Championship match mentioned in the Letter, including but not limited to documents describing the allegations, videos of the match, any inquiry by Hofstra, and any findings made by Hofstra as a result of such inquiry.

8. Documents sufficient to show the names of all persons who conducted or were otherwise involved in Hofstra's investigation of the Allegations

9. Documents sufficient to show the names of all persons interviewed in connection with Hofstra's investigation of the Allegations.

10. All communications between Hofstra and the persons identified in the documents responsive to Paragraph 9 that relate to the Plaintiff.

11. Documents sufficient to show all results of Hofstra's investigation of the Allegations,

including all findings (if any).

12. All documents and communications between Hofstra and Defendant, Defendant's family members, and Defendant's counsel concerning the Allegations, including settlement offers and settlement negotiations, both in draft and executed versions.

13. Documents sufficient to show the results of any May 2016 year-end survey that was sent to the Hofstra tennis team.

14. All documents concerning Plaintiff's employment by Hofstra, including but not limited to personnel records concerning Plaintiff and documents related to his termination by Hofstra such as internal memoranda reflecting the termination decision process, meeting notes and minutes.

15. All documents received or provided in discovery in the case of Michal Kaplan v. Hofstra University, 2:17-cv-00179 (DRH) (AYS), including but not limited to document production, requests for production and the responses thereto, and interrogatories and the responses thereto.

16. All transcripts and videotapes of depositions taken in the case of Michal Kaplan v. Hofstra University, 2:17-cv-00179 (DRH) (AYS).

The nature of this subpoena is not only wholly harassing and detrimental to Defendant but it also seeks information to which the Plaintiff is not entitled, as it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Plaintiff claims a sole cause of action of defamation and seeks damages related thereto. Neither Plaintiff's allegations in this action nor Defendant's defenses have anything to do with the items requested in the subpoena.

Moreover, Defendants' articulated reason of wanting the information in question does not pass muster since it does not indicate why it is relevant to Plaintiff's claims of defamation. To

succeed in his claim Plaintiff must demonstrate that (1) Defendant made a false statement (2) concerning the Plaintiff, and that these claims were (3) published by Plaintiff (4) in a manner that damaged Plaintiff's reputation Ogbon v Beneficial Credit Servs., 2011 US Dist LEXIS 11615 (SDNY Feb. 1, 2011, No. 10 CV 03760 (GBD). Defendant has provided no justification as to how the items subpoenaed are related to the four afore-mentioned elements. Here, the information sought is in no way related to the claims presently raised in the instant case and, it is submitted, amounts to a "fishing expedition" intended to "reel in 'material with little apparent or likely relevance to the subject matter' at hand" which would comport with "neither the letter nor the spirit of the federal civil discovery rules." Concord Boat Corp. v. Brunswick Corp., 169 F.R.D. 44, 51 (S.D.N.Y. 1996) (citation omitted).

D. The Subpoena Violates Defendant's Privacy Rights

Even if the discovery sought is found to be relevant, the Court must weigh Plaintiff's right to obtain discovery against the burden imposed on Plaintiff as it relates to the invasion of her privacy. Many of the documents requested by Plaintiff include her medical records in Hofstra's possession by way of her access to the university's student health program. It is well established that under HIPPA privacy rules, medical records cannot be disclosed absent a proper release Boelter v Hearst Communs., Inc., 269 F Supp 3d 172 SDNY 2017). Here, no such release has been obtained, and Plaintiff's attempts to access Defendant's medical records without said release runs afoul of HIPPA regulations.

Moreover Defendant's health, academic, and financial information are all protected by FERPA. FERPA generally prohibits the release by a school of education records unless there is written consent from the student or the student's parents. "Education records" is defined broadly by the statute, and includes , any files, documents, and other materials which -- (i) contain information

10

directly related to a student. See 20 U.S.C.S. § 1232g(a)(4)(A); see also Fay v. S. Colonie Cent. Sch. Dist., No. 83-CV-1026, 1985 US Dist LEXIS 18223, at FN 6 (N.D.N.Y. July 3, 1985).

Education records include, but are not limited to financial aid records, student health records, academic performance records, and disciplinary history. The purpose of FERPA is to "protect [students'] right to privacy by limiting the transferability (and disclosure) of their records without their consent."" Rios v. Read, 73 F.R.D. 589, 597 (E.D.N.Y. 1977) (quoting 120 Cong. Rec. S21497 (daily ed. Dec. 13, 1974) (joint remarks of Sen. Buckley and Sen. Pell)). Thus, "a party seeking disclosure of education records protected by FERPA bears 'a significantly heavier burden ... to justify disclosure than exists with respect to discovery of other kinds of information. . . .'" Ragusa v. Malverne Union Free Sch. Dist., 549 F. Supp. 2d 288, 292 (E.D.N.Y. 2008) (citation omitted); see also Alig-Mielcarek v. Jackson, 286 F.R.D. 521, 526 (N.D. Ga. 2012).

Here, the notion that Plaintiff should have unfettered access to the sensitive educational records necessarily encompassed in the subpoena's demands is in complete contrast to the very purpose of FERPA. For this reasons the subpoena should be quashed in its entirety.

### III. REQUEST FOR SANCTIONS

As set forth in Rule 45(c)(1) of the Federal Rules of Civil Procedure, when a party issues a subpoena without taking "reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena," the court must "impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on [the] party or attorney who fails to comply." In a circumstance, such as this, where "a subpoena should not have been issued, literally everything done in response to it constitutes an 'undue burden or expense' within the meaning of . . . Rule 45(c)(1)." Molefi v. Oppenheimer Trust, No. 03 CV 5631, 2007 U.S. Dist. LEXIS 10554, at *3 (E.D.N.Y. Feb. 15, 2007) (quoting Builders Ass'n of Greater Chicago, No. 96 C 1122, 2002 U.S. Dist. LEXIS 8461,

at *4 (N.D. Ill. May 13, 2002). Accordingly, Defendant requests that Your Honor impose sanctions on Plaintiff should this motion to quash be granted.

**CONCLUSION**

In light of the foregoing, Plaintiff respectfully requests that Plaintiff's subpoena be quashed. Thank you for consideration of this request.

Dated: June 20, 2019
New York, New York

Respectfully submitted,

_____/s/_____
Parisis Filippatos